IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ENTERPRISE NEIGHBORHOOD IMPACT FUND II, LLC, <br><br> Plaintiff, <br><br> v. <br><br> S.E. CLARK & ASSOCIATES, INC., <br><br> Defendant. | Case No. 23-cv-3012 |

OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Defendant S.E. Clark & Associates, Inc.'s Motion to Dismiss [Doc. 12].

I.     FACTUAL ALLEGATIONS

Plaintiff Enterprise Neighborhood Impact Fund II, LLC filed a one-count Complaint asserting breach of guaranty against Defendant S.E. Clark & Associates, Inc. (Doc. 1, Pl. Compl.) On or about August 1, 2021, Plaintiff (as "Limited Partner") and Hathaway Homes, Phase II General Partnership, Inc. (as "General Partner") ("Hathaway Homes GP" and, together with Plaintiff, "the Limited Partnership") entered into the Second Amended and Restated Agreement of Limited Partnership of Hathaway Homes, Phase II Limited Partnership ("the Limited Partnership Agreement") in order to acquire, own, develop, construct and/or rehabilitate, lease, manage, operate,

sell, or otherwise dispose of a 48-unit residential project in 48 single-family homes located in Taylorville, Illinois ("the Project"). (*Id.* at 2.)

On August 1, 2021, the Limited Partnership and Defendant entered into the Second Amended and Restated Development Services Agreement ("the Development Services Agreement"), under which Defendant agreed to provide certain services to the Limited Partnership concerning the development of the Project. (*Id.*) In executing the Development Services Agreement, to provide additional security to Plaintiff, Defendant unconditionally guaranteed its present and future performance as to any of its obligations to the Limited Partnership. (*Id.* at 3.) A copy of the Guaranty Agreement executed by Defendant in favor of Plaintiff is attached as Exhibit A to Plaintiff's Complaint. (*Id.*) Paragraph 6 of the Guaranty provides Plaintiff is an intended beneficiary and thus has the right to enforce Defendant's obligations under the Guaranty. (*Id.*)

Plaintiff alleges Defendant has not performed its obligations under the Guaranty by failing to fund and/or reimburse Plaintiff for various Project construction cost increases related to Defendant's failure to manage sanitary/sewer permits, cost increases related to Defendant's failure to manage contracts with the Project architect and contractor that led to a Stop Work Order, and cost increases related to Defendant's failure to fund construction financing shortfalls. (*Id.*) Defendant's failure to perform has resulted in Plaintiff incurring significant delay costs and legal fees during the course of the Project's construction. (*Id.*) Despite two notices of default and demand for payment

sent by Plaintiff, Defendant has failed or refused to pay the amounts due and owing under the Guaranty. (*Id.*)

## II. DISCUSSION

### A. Legal Standard

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Christensen v. Cnty. of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). When considering a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in plaintiff's favor. *Id.*

To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing he is entitled to relief and giving defendant fair notice of the claims. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). However, the complaint must set forth facts that plausibly demonstrate a claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A plausible claim is one that alleges factual content from which the Court can reasonably infer that defendant is liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a claim. *See id.* The complaint must do more than assert a right to relief that is "speculative." *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

### A. Breach of Guaranty Claim

Defendant moves to dismiss Plaintiff's Complaint under Rule 12(b)(6) on the basis that Defendant cannot be the guarantor of its own obligations as "Developer"

under the Development Services Agreement. (Doc. 13, Def. Mem. Supp. Mot. Dismiss 1-2.) "[A] guaranty is a collateral undertaking, an obligation in the alternative to pay the debt if the principal does not." *J.P. Morgan Chase Bank, N.A. v. Earth Foods, Inc.*, 238 Ill.2d 455, 474 (2010). More specifically, "[a] guaranty is defined as a promise to pay a debt or perform an obligation—on default of such payment or performance—by a third party who is expected to be liable in the first instance." *Navistar Financial Corp. v. Curry Ice & Coal, Inc.*, 2016 IL App (4th) 150419, 55 N.E.3d 153, 158 (2016). Defendant alleges the same party cannot be both the primary obligor and the guarantor of its own primary obligations. (Doc. 13, Def. Mem. Supp. Mot. Dismiss 4.) Therefore, Defendant contends the Guaranty Agreement is unenforceable against it to the extent Defendant is alleged to have guaranteed its own obligations as Developer pursuant to the Development Services Agreement. (*Id.*) Plaintiff argues that, while a guarantor only guarantees the performance of the obligations owed by a third party, Defendant is trying to confuse the Court into believing the Guaranty Agreement required only Defendant and no other entity to pay and perform under the Development Services Agreement. (Doc. 14, Pl. Resp. Mot. Dismiss 3.)

Defendant further asserts that, because Defendant is a party to the Development Services Agreement and the Guaranty Agreement, its obligations in connection with the Project must be determined by reviewing both agreements and not choosing one instead of the other. (Doc. 13, Def. Mem. Supp. Mot. Dismiss 5.) Defendant contends Plaintiff is attempting to hold it liable under the Guaranty Agreement while ignoring the Development Services Agreement, even though the alleged breaches of the

Guaranty Agreement arise from Defendant's alleged failure to perform under the Development Services Agreement. (*Id.* at 5-6.)

The Guaranty Agreement, which is attached to Plaintiff's Complaint, imposed joint and several liability on Christian County Development Corporation, Christian County Integrated Community Services, Regional Housing Development, Inc., and Defendant. (Doc. 1, Pl. Compl., Ex. A, ¶ 1.) When liability is joint and several, as here, each obligor is liable for the entire obligation. *See McKinnon v. City of Berwyn*, 750 F.2d 1383, 1387 (7th Cir. 1984). As Plaintiff alleges, Defendant unconditionally and irrevocably guaranteed to Plaintiff the prompt payment and performance of all obligations from the guarantor, not just from Defendant. (Doc. 14, Pl. Resp. Mot. Dismiss 3.)

Additionally, Defendant guaranteed payment and performance of all obligations of Christian County Development Corporation, Christian County Integrated Community Services, Regional Housing Development, Inc., and Defendant. Pursuant to the Guaranty Agreement, Defendant guaranteed the performance "by the General Partner and Developer," not just Defendant as the developer. (Doc. 1, Pl. Compl., Ex. A, ¶ 1.) The Guarantee Agreement also included Defendant's agreement to guarantee "the due and punctual performance by the General Partner and the Developer of all their obligations under the Partnership Agreement . . . and the Development Services Agreement." (*Id.*) Thus, Defendant did more than just guarantee its performance under the Development Services Agreement, it guaranteed its performance under the Limited Partnership Agreement.

Furthermore, Defendant agreed that its obligations under the Guaranty Agreement were "irrespective of . . . enforcement of the Development Services Agreement. (Doc. 1, Pl. Compl., Ex. A, ¶ 3.) Therefore, Defendant waived any argument that Plaintiff cannot proceed against Defendant under the Guaranty without first enforcing its rights under the Development Services Agreement. Defendant also agreed that it "waives to the fullest extent permitted by law, any and all notices and defenses to which it may be entitled by law to its Obligations hereunder." (*Id.*)

Upon accepting the allegations of the Complaint as true and construing all reasonable inferences based on the language of the Guaranty Agreement in Plaintiff's favor, the Court concludes Defendant jointly and severally guaranteed payment and performance from all guarantors. Additionally, Defendant waived its defenses pursuant to the guaranty. Therefore, Plaintiff has adequately alleged a claim for breach of guaranty against Defendant.

For all of these reasons, Defendant S.E. Clark & Associates, Inc.'s Motion to Dismiss Complaint (Doc. 12) is DENIED.

Pursuant to Rule 12(a)(4), Defendant S.E. Clark & Associates, Inc. shall answer the Complaint within 14 days of the entry of this Order.

ENTER: June 5, 2023

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE