IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ENTERPRISE NEIGHBORHOOD IMPACT FUND II, LLC, <br><br> Plaintiff, <br><br> v. <br><br> S.E. CLARK & ASSOCIATES, INC., <br><br> Defendant. <br> _____ <br><br> S.E. CLARK & ASSOCIATES, INC., <br><br> Third-Party Plaintiff/Defendant, <br><br> v. <br><br> CHRISTIAN COUNTY DEVELOPMENT CORPORATION, an Illinois not-for-profit Corporation, CHRISTIAN COUNTY INTEGRATED COMMUNITY SERVICES, an Illinois not-for-profit corporation, and REGIONAL HOUSING DEVELOPMENT, INC., an Illinois not-for-profit corporation, <br><br> Third-Party Defendants. | Case No. 23-cv-3012 |

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is the Third-Party Defendants' Motion to Strike and Dismiss the Third-Party Plaintiff's Third-Party Complaint for Contributions (Doc. 28).

Third-Party Plaintiff S.E. Clark & Associates filed a Third-Party Complaint for Contribution seeking contribution from Third-Party Defendant Christian County Development Corporation (Count I), Christian County Integrated Community Services (Count II), and Regional Housing Development, Inc. (Count III). (Doc. 17.) Each Third-Party Defendant moves to dismiss the Third-Party Complaint on the basis that the underlying complaint against Defendant/Third-Party Plaintiff is a contract claim and not a tort claim. (Doc. 28 at 2.) The allegations in the underlying complaint relate to the alleged default of a written, express Guaranty Agreement. (*Id.*) The Third-Party Defendants move to dismiss the Third-Party Complaint because a breach of contractual duty cannot support a claim for contribution under Illinois law. (Doc. 29 at 4.)

Attached to Plaintiff Enterprise Neighborhood Impact Fund II, LLC's ("Enterprise") Complaint is the August 1, 2021 Guaranty Agreement between Hathaway Homes, Phase II Limited Partnership, and Christian County Development Corporation, Christian County Integrated Community Services, S.E. Clark & Associates, Inc., and Regional Housing Development.[1] (Doc. 1-1.) S.E. Clark and the Third-Party Defendants are listed in the Guaranty Agreement collectively as Guarantors. (*Id.*) Under the Guaranty Obligation, joint and several liability was imposed on S.E. Clark and the Third-Party Defendants. (*Id.* ¶ 1.)

---

[1] Because the Guaranty Agreement is attached to the Complaint, the Court deems the Guaranty Agreement to be part of the pleading, *see* Fed. R. Civ. P. 10(c), and the Court may consider its provisions in ruling on the motion to dismiss. *Barwin v. Village of Oak Park*, 54 F.4th 443, 453 (7th Cir. 2022).

S.E. Clark states that, because it was the only entity sued by Enterprise under the Guaranty, it filed a Third-Party Complaint for Contribution against the Third-Party Defendants seeking contribution in the event that S.E. Clark pays more than its proportionate share of any amounts owed to Enterprise under the Guaranty. (Doc. 30 at 2-3.)

The Guaranty Agreement provides that Illinois law shall govern any disputes. (Doc. 1-1 ¶ 12.) The Appellate Court of Illinois has stated that general principles of contribution govern between co-guarantors. *See Harris v. Handmacher*, 185 Ill. App.3d 1023, 1026 (1st. Dist. 1989). The court explained:

> If any one or more of a number of co-guarantors of a debt is required to pay the whole or any portion of the debt, the co-guarantors become liable to contribute their proportionate share of the amount paid. A court presumes that all co-guarantors should contribute equally to the discharge of any liability occurring by reason of the guaranty. Co-guarantors that are insolvent are excluded in determining the proportions. This liability to contribute arises not from any contract, but from equitable principles. The presumption that all guarantors should contribute a proportionate share of the amount paid may be rebutted by parol evidence.

*Id.* at 1026-27. While the Third-Party Defendants suggest that any claim for contribution is premature, the Court concludes S.E. Clark should be able to preserve its right to contribution from its co-guarantors in the event that it pays more than its proportionate share. *See Weger v. Robinson Nash Motor Co.*, 340 Ill. 81, 94-95 (1930) ("It would be a harsh rule for a court of equity to enforce, to require parties who have already paid more than their just proportion of a debt to pay all the residue before they could have an accounting and contribution, and it may frequently be they are unable to discharge such residue and

obligation resting upon them unless they first or concurrently get relief against the other guarantors.")

Therefore, the Third-Party Defendants' Motion to Strike and Dismiss the Third-Party Plaintiff's Complaint for Contribution [Doc. 28] is DENIED.

ENTER: November 20, 2023

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE